**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:  **15-06573-jw**

## CONSENT ORDER APPROVING LM/MM - PORTAL

The relief set forth on the following pages, for a total of 25 pages including this page, is
hereby ORDERED.

---

**FILED BY THE COURT**
**06/28/2016**



*[signature]*

US Bankruptcy Judge
District of South Carolina

Entered: 06/28/2016

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 15-06573-jw |
| | Chapter 13 |
| Frances S Huggins, | **ORDER APPROVING LOSS MITIGATION/MORTGAGE MODIFICATION[1] (PORTAL)** |
| Debtor(s). | |

       This matter comes before the Court upon the request of Frances S Huggins ("Debtor(s)") and Carrington Mortgage Services ("Mortgage Creditor") for approval of the parties' agreement for loss mitigation/mortgage modification ("LM/MM"). Mortgage Creditor has an existing loan secured by the Debtor(s)' real property.  Using the Portal procedure set forth in the undersigned's Chamber's Guidelines, the parties have reached an agreement for LM/MM, which will have the following benefits to the Debtor(s):

☒ Reduction of the Debtor(s)' mortgage payments from the current amount of <u>$462.08 </u> per month to approximately <u>$375.86</u> per month.

☒ Interest rate reduced from <u> 5.375 </u>% to <u>  3.8750   </u>% [☒ Fixed or ☐ Variable]

☐ Arrearage in the amount of $<u>  </u> ☐ forgiven or ☐ postponed.

☐ Other – Describe below:

Regarding LM/MM, the parties represent and agree that:

1. There will be no extension of additional funds beyond what is already owed;
2. Payments to other lien holders under the plan will not be affected;
3. That the LM/MM has no detrimental effect on other creditors and is in the best interest of Debtor(s) and the estate;
4. That payments to Creditor for arrearage are not being made by the Trustee, and will not be made upon the effective date of the LM/MM agreement; any overage paid by the Trustee will be refunded to the Trustee within 60 days;
5. Stay relief has not been granted to any secured creditor on the property as a prerequisite of the agreement for loss mitigation;
6. The trial period has been successfully completed [if applicable]; and
7. The documents finalizing the LM/MM shall be executed by the parties within 60 days from the entry of this Order.

---

[1] Mortgage Creditor's consent may be demonstrated by attachment of document evidencing Mortgage Creditor's offer.

Debtor(s) certify that the costs of DMM have been previously paid by Debtor(s) (or other source) and the attorney's fees specifically attributable to services required for participation in LM/MM have been previously paid by Debtor or will be paid through the Trustee's distributions.

Now, therefore, upon the agreement of Debtor and Mortgage Creditor and with the consent of the Trustee, as indicated by the signatures below,

IT IS HEREBY ORDERED that the LM/MM is hereby approved.

**AND IT IS SO ORDERED.**

**WE SO MOVE AND CONSENT:**

/s/ Eric S. Reed
Attorney for Debtor
District Court I.D. 7242

Electronic Consent
William K. Stephenson, Jr.

# CARRINGTON
DOCUMENT SERVICES

P.O. Box 3010
Anaheim, CA  92803

## Final Loan Modification Coversheet

Date: 06/08/16

Loan Number      2853

FRANCES HUGGINS
1325 OLD STAGE RD
MULLINS      SC 29574

Property Address:
1325 OLD STAGE RD
MULLINS      SC 29574

Dear Mortgagor(s):

Enclosed please find the final Loan Modification Agreement executed by Carrington Mortgage Services, LLC ("CMS") and prepared by Carrington Document Services, LLC ("CDS") along with a pre-paid Federal Express shipping label for your convenience and tracking purposes.

**IMPORTANT:** CMS must receive the fully executed Loan Modification Agreement, bearing original signatures, by no later than 10:00am (Pacific Standard Time) on the last business day of the month. Each borrower must sign exactly as the name appears under the signature line. Failure to comply with these requirements may affect your eligibility and delay the process.

*Please be advised that a faxed copy of the Loan Modification Agreement does not satisfy the Program requirements and therefore will not be accepted.*

If you have questions regarding the Loan Modification Agreement or experience difficulty reviewing the information, please consult with a CMS Home Retention Specialist by calling, toll free, 1.866.874.5860.

Please mail all Original Documents attention to:

> **Carrington Document Services, LLC (CDS)**
> **1600 South Douglass Road, Suite 200A**
> **Anaheim, CA  92806**

Sincerely,

Carrington Document Services, LLC

*CDS is a vendor that provides clerical and administrative support to CMS and does not have the given authority to discuss any information regarding your account. CDS is not acting as an agent of the borrower(s) and does not represent CMS in connection with the negotiation or arrangement of the terms of the Loan Modification Document Package.*


## IMPORTANT DISCLOSURES

**-INQUIRIES & COMPLAINTS-**
For inquiries and complaints about your mortgage loan, please contact our CUSTOMER SERVICE DEPARTMENT by writing to Carrington Mortgage Services, LLC, Attention: Customer Service, P.O Box 3489, Anaheim, CA 92803, or by calling 1-800-561-4567. Please include your loan number on all pages of correspondence. The CUSTOMER SERVICE DEPARTMENT for Carrington Mortgage Services, LLC is toll free and you may call from 8:00 a.m. to 8:00 p.m. Eastern Time, Monday through Friday. You may also visit our website at carringtonms.com.

**-IMPORTANT BANKRUPTCY NOTICE-**
If you have been discharged from personal liability on the mortgage because of bankruptcy proceedings and have not reaffirmed the mortgage, or if you are the subject of a pending bankruptcy proceeding, this letter is not an attempt to collect a debt from you but merely provides informational notice regarding the status of the loan. If you are represented by an attorney with respect to your mortgage, please forward this document to your attorney.

**-CREDIT REPORTING-**
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**-MINI MIRANDA-**
This communication is from a debt collector and it is for the purpose of collecting a debt and any information obtained will be used for that purpose. This notice is required by the provisions of the Fair Debt Collection Practices Act and does not imply that we are attempting to collect money from anyone who has discharged the debt under the bankruptcy laws of the United States.

**-HUD COUNSELOR INFORMATION-**
If you would like counseling or assistance, you may obtain a list of HUD-approved homeownership counselors or counseling organizations in your area by calling the HUD nationwide toll-free telephone number at (800) 569-4287 or toll-free TDD (800) 877-8339, or by going to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You can also contact the CFPB at (855) 411-2372, or by going to www.consumerfinance.gov/find-a-housing-counselor.

**-EQUAL CREDIT OPPORTUNITY ACT NOTICE-**
The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has, in good faith, exercised any right under the Consumer Credit Protection Act. The Federal Agency that administers CMS' compliance with this law is the Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

**-SCRA DISCLOSURE-**
**MILITARY PERSONNEL/SERVICEMEMBERS:** If you or your spouse is a member of the military, please contact us immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact our Military Assistance Team toll free at 1-888-267-5474.

**-NOTICES OF ERROR AND INFORMATION REQUESTS-**
You have the right to request documents we relied upon in reaching our determination. You may request such documents or receive further assistance by contacting Carrington Mortgage Services, LLC at (800) 561-4567, Monday through Friday, 8:00 a.m. to 8:00 p.m. Eastern Time or by mail at P.O. Box 3489, Anaheim, CA 92803.

**CARRINGTON**
MORTGAGE SERVICES

## ARKANSAS

**Arkansas Residents Only**
Carrington Mortgage Services, LLC ('CMS') is licensed with the Arkansas Securities Department. You may file complaints about CMS with the Arkansas Securities Department (Department) at 201 East Markham, Heritage West Building, Suite 300, Little Rock, Arkansas 72201. You may obtain further information by calling the Department's general information number at (501) 324-9260 or toll-free, (800) 981-4429 or faxing the Department at (501) 324-9268 or visiting the Department's website at http://www.securities.arkansas.gov. For a list of standard or common loan servicing fees charged by CMS, please visit the CMS website at carringtonms.com/HelpCenter/FAQ

## COLORADO:

For Colorado Residents:
13111 E. Briarwood Ave., Suite#340
Centennial, CO 80112
(303) 708-8795

## MASSACHUSETTS:

### NOTICE OF IMPORTANT RIGHTS

**YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.**

## MINNESOTA:

Carrington Mortgage Services, LLC is licensed by the Minnesota Department of Commerce.

## NEW YORK:

New York City Department of Consumer Affairs License Number 1264739

This Collection agency is licensed by the City of Buffalo license numbers: 555177 & 555176

City of Yonkers Debt Collection Agency License Number: 9717

**For New York residents:** You may file complaints about CMS with the New York State Department of Financial Services. You may obtain further information from the New York State Department of Financial Services by calling the Department's Consumer Assistance Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov. Carrington Mortgage Services, LLC is registered with the Superintendent of the New York State Department of Financial Services.

## NORTH CAROLINA:

Carrington Mortgage Services, LLC is licensed under the North Carolina Agency Permit No. 102107 & 103455 and North Carolina Secure and Fair Enforcement Mortgage Licensing Act. 1600 Douglass Road, Suites 110 & 200-A, Anaheim, CA 92806.

## TENNESSEE:

This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

## TEXAS:

**Notice to Texas Residents: COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE TEXAS DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TEXAS 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 1-877-276-5550.**

FHA Investor No.: FR4614816819703

# SUBORDINATE NOTE

JUNE 6, 2016                    MULLINS                    SOUTH CAROLINA
[Date]                         [City]                     [State]

**1325 OLD STAGE RD , MULLINS, SOUTH CAROLINA 29574**
[Property Address]

## 1. PARTIES.

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **TWENTY-ONE THOUSAND FOUR HUNDRED EIGHTY-SEVEN DOLLARS AND 39 CENTS (U.S. $21,487.39),** to the order of Lender.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time.
On : **SEPTEMBER 1, 2046** ;or, if earlier, when the first of the following events occurs:

    (i) The Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

    (ii) The maturity date of the primary Note has been accelerated, or

    (iii) The Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary, or

    (iv) The property is not occupied by the purchaser as his or her principal residence.

(B) Place.
Payment shall be made at the **U.S. Department of HUD c/o Novad Management Consulting, Shepherd's Mall, 2401 NW 23rd Street, Suite 1A1, Oklahoma City, OK 73107, Toll-Free Telephone Number: (877) 622-8525, Fax Number: (800) 489-1733** or any such other place as Lender may designate in writing by notice to Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due.

10052015_356

4000162853

"Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**7.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

**8.  DOCUMENTARY TAX**

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____
Borrower
FRANCES S HUGGINS

_____
Borrower

_____
Borrower

_____
Borrower

_____
Borrower

_____
Borrower

This Document Prepared By:
MONICA VELA
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
1600 SOUTH DOUGLASS ROAD, SUITE 200A
ANAHEIM, CA 92806
1-866-874-5860

When Recorded Mail To:
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
1600 SOUTH DOUGLASS ROAD, SUITE 200A
ANAHEIM, CA 92806

Source of Title:  BOOK/LIBER/REEL A341, AT PAGE(S)  208
Tax/Parcel #:  058-00-00-027-000
_____ [Space Above This Line for Recording Data] _____
                                                       FHA Case No.: FR4614816819703
                                                       Loan No     2853

# SUBORDINATE MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is made on JUNE 6, 2016. The grantor is FRANCES S HUGGINS A SINGLE PERSON ("Borrower"), whose address is 1325 OLD STAGE RD , MULLINS, SOUTH CAROLINA 29574. The beneficiary is the Secretary of Housing and Urban Development, whose address is Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of TWENTY-ONE THOUSAND FOUR HUNDRED EIGHTY-SEVEN DOLLARS AND 39 CENTS (U.S. $21,487.39). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"). which provides for the full debt, if not paid earlier, due and payable on SEPTEMBER 1, 2046.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of MARION, State of SOUTH CAROLINA:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:

HUD-HAMP 10052015_356                          Page 1                          4000162853

Tax Parcel No. 058-00-00-027-000

which has the address of , 1325 OLD STAGE RD , MULLINS, SOUTH CAROLINA 29574 (herein "Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6.  **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7.  **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 7 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or applicable law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

Borrower: **FRANCES S HUGGINS** _____    Date _____

Borrower: _____    Date _____

Borrower: _____    Date _____

Borrower: _____    Date _____

_____    _____
1ˢᵗ Witness    2ⁿᵈ Witness

_____    _____
1ˢᵗ Witness – Printed Name    2ⁿᵈ Witness – Printed Name

_____ [Space Below This Line for Acknowledgments] _____

**BORROWER ACKNOWLEDGMENT**

State of **SOUTH CAROLINA**

County of _____

The foregoing instrument was acknowledged before me this _____ by **FRANCES S HUGGINS** .

_____
Notary Public

Printed Name: _____

My Commission expires:
_____

**EXHIBIT A**

**BORROWER(S): FRANCES S HUGGINS  A SINGLE PERSON**

**LOAN NUMBER      2853**

**LEGAL DESCRIPTION:**

**THE PROPERTY IS SITUATED IN THE STATE OF SOUTH CAROLINA, COUNTY OF MARION, CITY OF MULLINS**

**ALL THAT CERTAIN PIECE, PARCEL OR LOT OF LAND LYING AND BEING SITUATE ON THE NORTHWEST SIDE OF HIGHWAY S-34-31 NEAR
MULLINS, MARION COUNTY, SOUTH CAROLINA. SAID LOT BEING SHOWN AND DESIGNATED AS LOT NO. FOUR (4), OF THE J.L. DEW
SUBDIVISION, SECTION 2, AND BEGINNING AT A POINT 509.80 FEET SOUTHWEST OF THE INTERSECTION OF HIGHWAY S-34-31
AND RIGHT OF WAY OF HIGHWAY S-34-476 AND RUNNING THENCE S 58 DEGREES 28 MINUTES W 130 FEET ALONG S-34-31 TO
A POINT; THEN N 42 DEGREES 32 MINUTES W 250 FEET ALONG LOT NO. THREE AS SHOWN ON A PLAT OF LOTS BY WESTON C.
SNIPES, WHICH SAID MAP IS RECORDED IN BOOK 20, PAGE 262, RECORDEDS OF MARION COUNTY, SOUTH CAROLINA; THENCE
RUNNING N 58 DEGREES 28 MINUTES N 130 FEET ALONG LAND OF J. L. DEW TO A POINT; THENCE S 42 DEGREES 32 MINUTES
E 250 FEET TO THE BEGINNING POINT.**

**BEING THE SAME PROPERTY CONVEYED TO FRANCES S HUGGINS  FROM GEORGE HUGGINS  BY DEED DATED 10/24/1994 AND RECORDED ON 10/24/1994 IN THE REGISTER OF DEED FOR MARION COUNTY, SOUTH CAROLINA IN DEED INSTRUMENT: _____
DEED BOOK: A341, PAGE: 208**

**ALSO KNOWN AS: 1325 OLD STAGE RD , MULLINS, SOUTH CAROLINA 29574**

Date: JUNE 6, 2016
Loan Number:          853
Lender: SECRETARY OF HOUSING AND URBAN DEVELOPMENT

Borrower: FRANCES S HUGGINS

Property Address: 1325 OLD STAGE RD , MULLINS, SOUTH CAROLINA 29574

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____          _____
Borrower                                                           Date
FRANCES S HUGGINS

_____          _____
Borrower                                                           Date

_____          _____
Borrower                                                           Date

_____          _____
Borrower                                                           Date

_____          _____
Borrower                                                           Date

_____          _____
Borrower                                                           Date

Date: JUNE 6, 2016
Loan Number:          !53
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

Borrower: **FRANCES S HUGGINS**

Property Address: **1325 OLD STAGE RD , MULLINS, SOUTH CAROLINA 29574**

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **CARRINGTON MORTGAGE SERVICES, LLC**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____     Date
FRANCES S HUGGINS

_____     Date

_____     Date

_____     Date

_____     Date

_____     Date

10052015_356

4000162853

# Addendum

This Addendum is made a part of that Loan Modification Agreement entered into between **SECRETARY OF HOUSING AND URBAN DEVELOPMENT** (the "Lender") and **FRANCES S HUGGINS** (the "Borrower") dated **JUNE 6, 2016** the "Loan Modification Agreement").

Notwithstanding anything to the contrary contained in the "**Sub Mtg/SubDOT**" the parties hereto acknowledge the effect of a discharge in bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Lender may not pursue the Borrower for personal liability. However, the parties acknowledge that the Lender retains certain rights, including but not limited to the right to foreclose its lien under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default of its obligations thereunder. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability.

Notwithstanding any monthly payments hereunder, Borrower understands that (1) Lender's sole recourse is the enforcement of its security interest in the Property and any action which may exist in relation to the Property itself and that (2) nothing in this Agreement revives or purports to revive any debt, or create any personal liability or obligation for a debt, that was discharged in bankruptcy.

Signed this _____ day of _____, 20 ____.

Lender                                              Borrower

_____

By:
Name:                                              **FRANCES S HUGGINS** _____

                                                   _____

                                                   _____

                                                   _____

This Document Prepared By:
MONICA VELA
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
1600 SOUTH DOUGLASS ROAD, SUITE 200A
ANAHEIM, CA 92806
1-866-874-5860

When Recorded Mail To:
CARRINGTON MORTGAGE SERVICES, LLC
CARRINGTON DOCUMENT SERVICES
1600 SOUTH DOUGLASS ROAD, SUITE 200A
ANAHEIM, CA 92806

Source of Title:    BOOK A341, AT PAGE(S)  208
Tax/Parcel #:  058-00-00-027-000
_____ [Space Above This Line for Recording Data] _____

| | |
|---|---|
| Original Principal Amount: $82,519.00 | FHA\VA Case No.:FR4614816819703 |
| Unpaid Principal Amount: $74,504.30 | Loan No         ?853 |
| New Principal Amount: $58,662.60 | |
| Capitalization Amount: $0.00 | |

# LOAN MODIFICATION AGREEMENT (MORTGAGE)

This Loan Modification Agreement ("Agreement"), made this 6TH day of JUNE, 2016, between FRANCES S HUGGINS A SINGLE PERSON ("Borrower") whose address is 1325 OLD STAGE RD , MULLINS, SOUTH CAROLINA 29574 and CARRINGTON MORTGAGE SERVICES, LLC ("Lender"), whose address is 1600 SOUTH DOUGLASS ROAD, SUITE 200A, ANAHEIM, CA 92806, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated SEPTEMBER 24, 2009 and recorded on OCTOBER 7, 2009 in INSTRUMENT NO. 200900024261 BOOK 101 PAGE 284, of the OFFICIAL Records of MARION COUNTY, SOUTH CAROLINA, and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**1325 OLD STAGE RD , MULLINS, SOUTH CAROLINA 29574**
(Property Address)

the real property described being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **SEPTEMBER 1, 2016** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$58,662.60**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest in the amount of U.S. **$0.00** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.8750%**, from **SEPTEMBER 1, 2016**. Borrower promises to make monthly payments of principal and interest of U.S. **$ 275.86**, plus property taxes, hazard insurance, and any other permissible escrow items of U.S **$ 210.36** beginning on the **1ST day of OCTOBER, 2016**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **3.8750%** will remain in effect until principal and interest are paid in full. If on **SEPTEMBER 1, 2046** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

HUD-HAMP 10052015_356                                    Page 2                                    4000162853

(b)   all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.   **If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.**

6.   Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7.   Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

In Witness Whereof, I have executed this Agreement.

Borrower: **FRANCES S HUGGINS** _____    **Date** _____

Borrower: _____    **Date** _____

Borrower: _____    **Date** _____

Borrower: _____    **Date** _____


_____    _____
1ˢᵗ Witness                              2ⁿᵈ Witness

_____    _____
1ˢᵗ Witness — Printed Name              2ⁿᵈ Witness — Printed Name


_____ [Space Below This Line for Acknowledgments] _____

**BORROWER ACKNOWLEDGMENT**

State of **SOUTH CAROLINA**

County of _____

The foregoing instrument was acknowledged before me this _____ by
**FRANCES S HUGGINS** .


_____
Notary Public

Printed Name: _____

My Commission expires:

_____

In Witness Whereof, the Lender has executed this Agreement.

**CARRINGTON MORTGAGE SERVICES, LLC**

_____          _____
By **ADEL ISSA**                    (print name)                          Date
   **Vice President**              (title)

_____          _____
             Witness                                        Witness

_____          _____
     Witness – Printed Name                      Witness – Printed Name

_____ [Space Below This Line for Acknowledgments] _____

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of _____ )
County of _____

On _____ before me, _____ Notary Public,
     (Date)                                    (here insert name and title of officer)

appeared **ADEL ISSA** , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the company upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____
      Signature of Notary Public

**EXHIBIT A**

**BORROWER(S): FRANCES S HUGGINS A SINGLE PERSON**

**LOAN NUMBER        1853**

**LEGAL DESCRIPTION:**

**THE PROPERTY IS SITUATED IN THE STATE OF SOUTH CAROLINA, COUNTY OF MARION,
CITY OF MULLINS**

**ALL THAT CERTAIN PIECE, PARCEL OR LOT OF LAND LYING AND BEING SITUATE ON THE
NORTHWEST SIDE OF HIGHWAY S-34-31 NEAR
MULLINS, MARION COUNTY, SOUTH CAROLINA. SAID LOT BEING SHOWN AND
DESIGNATED AS LOT NO. FOUR (4), OF THE J.L. DEW
SUBDIVISION, SECTION 2, AND BEGINNING AT A POINT 509.80 FEET SOUTHWEST OF THE
INTERSECTION OF HIGHWAY S-34-31
AND RIGHT OF WAY OF HIGHWAY S-34-476 AND RUNNING THENCE S 58 DEGREES 28
MINUTES W 130 FEET ALONG S-34-31 TO
A POINT; THEN N 42 DEGREES 32 MINUTES W 250 FEET ALONG LOT NO. THREE AS SHOWN
ON A PLAT OF LOTS BY WESTON C.
SNIPES, WHICH SAID MAP IS RECORDED IN BOOK 20, PAGE 262, RECORDEDS OF MARION
COUNTY, SOUTH CAROLINA; THENCE
RUNNING N 58 DEGREES 28 MINUTES N 130 FEET ALONG LAND OF J. L. DEW TO A POINT;
THENCE S 42 DEGREES 32 MINUTES
E 250 FEET TO THE BEGINNING POINT.**

**BEING THE SAME PROPERTY CONVEYED TO FRANCES S HUGGINS FROM GEORGE
HUGGINS BY DEED DATED 10/24/1994 AND RECORDED ON 10/24/1994 IN THE REGISTER OF
DEED FOR MARION COUNTY, SOUTH CAROLINA IN DEED INSTRUMENT: _____
DEED BOOK: A341, PAGE: 208**

**ALSO KNOWN AS: 1325 OLD STAGE RD , MULLINS, SOUTH CAROLINA 29574**

# Addendum

This Addendum is made a part of that Loan Modification Agreement entered into between **CARRINGTON MORTGAGE SERVICES, LLC** (the "Lender") and **FRANCES S HUGGINS A SINGLE PERSON** (the "Borrower") dated **JUNE 6, 2016** the "Loan Modification Agreement").

Notwithstanding anything to the contrary contained in the Loan Modification Agreement, the parties hereto acknowledge the effect of a discharge in bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Lender may not pursue the Borrower for personal liability. However, the parties acknowledge that the Lender retains certain rights, including but not limited to the right to foreclose its lien under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default of its obligations thereunder. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability.

Notwithstanding any monthly payments hereunder, Borrower understands that (1) Lender's sole recourse is the enforcement of its security interest in the Property and any action which may exist in relation to the Property itself and that (2) nothing in this Agreement revives or purports to revive any debt, or create any personal liability or obligation for a debt, that was discharged in bankruptcy.

Signed this _____ day of _____, 20 _____.

Lender                                                        Borrower

_____          _____
By:                                                          **FRANCES S HUGGINS**
Name:

_____

_____

_____

_____

_____

Date: JUNE 6, 2016
Loan Number:          2853
Lender: CARRINGTON MORTGAGE SERVICES, LLC

Borrower: FRANCES S HUGGINS

Property Address: 1325 OLD STAGE RD , MULLINS, SOUTH CAROLINA 29574

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____    Date _____
Borrower
FRANCES S HUGGINS

_____    Date _____
Borrower

_____    Date _____
Borrower

_____    Date _____
Borrower

_____    Date _____
Borrower

_____    Date _____
Borrower

10052015_356                        Page 8                        4000162853

Date: JUNE 6, 2016
Loan Number    2853
Lender: CARRINGTON MORTGAGE SERVICES, LLC

Borrower: FRANCES S HUGGINS

Property Address: 1325 OLD STAGE RD , MULLINS, SOUTH CAROLINA 29574

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of CARRINGTON MORTGAGE SERVICES, LLC

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____    Date
FRANCES S HUGGINS

_____    Date

_____    Date

_____    Date

_____    Date

_____    Date